UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PERNIS JOHNSON,

    Plaintiff,

v.                                              Case No. 2:06-cv-8
                                              HON. ROBERT HOLMES BELL

ROGER TRIPP, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Pernis Johnson filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Resident Unit Officers Roger Tripp and Kim Peterson and Sergeant Kevin Taskila. Plaintiff alleges that upon his arrival at the Alger Maximum Correctional Facility, he was placed in administrative segregation for two years. He was moved to general population for 60 days and then returned to administrative segregation. Plaintiff alleges that he was again released to general population but only lasted there for 60 days until he was placed back in administrative segregation. For the past three years Plaintiff alleges that he has been confined in administrative segregation. Plaintiff alleges that he "suffered serious mental distress at the hands of Officers Tripp, Peterson and Sgt. Taskila." Plaintiff alleges deprivation of food, clothing and hygiene items. Plaintiff alleges that he has suffered degradation and humiliation. Plaintiff alleges that the conditions of his confinement are below the standards set by "the American Correc. Assoc."

Plaintiff alleges that the spread of communicable disease is rampant among prisoners from Ionia Maximum Correctional Facility and Defendants commonly let these prisoners into shared

quarters among the inmates, such as the shower areas. Plaintiff alleges that he has experienced long periods of lock-ins with no out of cell movement. Plaintiff alleges that he is subjected to poor heating and ventilation and that inmates defecate and spread bio-hazard waste through the ventilation system. Plaintiff alleges that he has been subjected to excessively loud conditions for the past three years. Plaintiff alleges that the Defendants are "bugging out" inmates and have labeled their unit the "Bug Unit." Defendants have moved for summary judgment.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue

of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff claims that the conditions and restrictions imposed upon him as a segregated prisoner have caused him mental distress in violation of his Eighth Amendment rights. Plaintiff has asserted general claims of deprivation of out of cell movement, food and clothing. Plaintiff alleges that he suffered humiliation and degradation. Plaintiff alleges that he is confined with prisoners who have communicable diseases and, due to poor ventilation in the cells, he is subjected to bio-hazard waste. He also claims that the other segregation prisoners are disruptive and noisy. Plaintiff alleges that the segregation cells fall below the standards set forth by the American Corrections Association.

The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-103(1976). To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Restrictions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347; *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at \*2 (6th Cir. May 4, 1999). Although it is clear that Plaintiff was denied certain privileges as a result of his administrative segregation, he does not show that he was denied basic human needs and

requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *8 (6th Cir. Aug. 23, 2000), *cert. denied*, 531 U.S. 1023 (2000); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug.11, 1999). Plaintiff has not asserted any specific allegations against the individual Defendants. Moreover, Plaintiff cannot not bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury. *See* 42 U. S.C. §1997e(e); *see also Hudson*, 503 U.S. at 5; *Watson v. McClanahan*, No. 99-6124, 2000 WL 922899, at *2 (6th Cir. June 27, 2000); *Benson v. Carlton*, No. 99-6433, 2000 WL 1175609, at *1 (6th Cir. Aug. 9, 2000).

The Classification Committee decides when a prisoner should be placed in administrative segregation. Plaintiff's behavior caused his placement in administrative segregation. Plaintiff was placed in administrative segregation without special accommodations. Plaintiff was not in a "bug wing," and not placed in shared quarters. The community showers are cleaned and sanitized daily. Moreover, contrary to Plaintiff's claim, the prison consistently receives high marks by the American Corrections Association. Plaintiff has simply failed to show that Defendants violated his constitutional rights.

Plaintiff filed an affidavit requesting injunctive relief to remedy these matters. The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

>    1.  Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
>    2.  Whether the movant has shown irreparable injury.
>
>    3.  Whether the preliminary injunction could harm third parties.
>
>    4.  Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). In the opinion of the undersigned a review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the Defendants have violated his federal rights. Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Accordingly, it is recommended that Defendants' motion for summary judgment (Docket #23) be granted and that this case be dismissed in its entirety. It is further recommended that Plaintiff's motion for injunctive relief (Docket # 32) and motion for leave for a telephone deposition (Docket # 20) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

          /s/ Timothy P. Greeley
          TIMOTHY P. GREELEY
          UNITED STATES MAGISTRATE JUDGE

Dated:   May 23, 2007